**Jan SCHLICHTMANN, Plaintiff,**

v.

**IVEY & RAGSDALE, and Hagens Berman LLP, Defendants.**

No. 04-CV-236-P-S.

United States District Court, D. Maine.

Jan. 13, 2005.

Jan R. Schlichtmann, Prides Crossing, MA, pro se plaintiff.

Elizabeth G. Stouder, Harrison L. Richardson, Richardson, Whitman, Large & Badger, Peter J. Detroy, III, Russell Pierce, Norman, Hanson & Detroy, Portland, ME, for defendants.

## ORDER ON MOTION TO DISMISS AND MOTION TO CONSOLIDATE

SINGAL, Chief Judge.

Before the Court are Defendants' Motion to Dismiss Complaint (Docket # 4) and Plaintiff's Motion to Consolidate (Docket # 2). For the reasons explained below, the Court GRANTS Defendants' Motion to Dismiss (Docket # 4) and, therefore, finds Plaintiff's Motion to Consolidate (Docket # 2) MOOT.

### I. BACKGROUND

The allegations that serve as the foundation for this lawsuit have been previously sketched in this Court's order denying a motion to dismiss in the related case of *Glenwood Farms, Inc. et al. v. Ivey et al.* (03–cv–217–P–S). *See Glenwood Farms, Inc. v. Ivey*, 335 F.Supp.2d 133, 134–41 (D.Me.2004). For the sake of brevity, the Court directs any interested readers to that previous order and limits its discussion here to the few facts necessary to decide the pending motion to dismiss.

Plaintiff Jan Schlichtmann, Esq. is a resident of Massachusetts, as well as a duly admitted member of the bar of that state. Schlichtmann's complaint asserts claims for breach of contract, negligence and tortious interference with economic relations against two entities: Ivey & Ragsdale and Hagens Berman LLP. Ivey & Ragsdale is a law firm with its principal office in Jasper, Alabama. Hagens Berman LLP is a law firm organized as a limited liability partnership. Hagens Berman LLP has its main office in Seattle, Washington, but also operates offices in Boston, Massachusetts; Los Angeles, California and Phoenix, Arizona. The managing partner of the Boston office of Hagens Berman LLP is Thomas Sobol, Esq., a citizen of Massachusetts.

Defendants now seek dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) claiming that this Court lacks subject matter jurisdiction over this litigation because the parties do not satisfy the requirements for diversity jurisdiction.

### II. DISCUSSION

Defendants claim the requirement of complete diversity in this case is not satisfied because Hagen Berman LLP should be deemed a citizen of Massachusetts in light of the fact that a Massachusetts resident, Mr. Sobol, is a managing partner of the firm. *See American Fiber & Finishing, Inc. v. Tyco Healthcare Group*, 362 F.3d 136 (1st Cir.2004) ("For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of every state of which any of its general or limited partners are citizens.") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). To support of these factual assertions, Defendants have provided the Court with an affidavit from Mr. Sobol.[1] (*See* Sobol Aff. ¶¶ 1–4, 12 (Ex. 1 to Docket # 4).)

In his response to Defendants' Motion to Dismiss, Plaintiff accepts the principle that the citizenship of Hagens Berman LLP

---

1. In the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court may consider affidavits and other supporting materials in order to determine jurisdiction without converting the motion to a motion for summary judgment. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

8

should be determined by looking at the citizenship of its general and/or limited partners. However, he argues that Mr. Sobol's status as a "managing partner" does not necessarily mean that he is a general or limited partner. Unfortunately, he cites no case law and offers no factual support for the assertion that a "managing partner" at Hagens Berman LLP is somehow not a general or limited partner of the firm. Thus, his objection is premised solely on semantics.

When a defendant challenges the subject matter jurisdiction of the court, the burden is on the plaintiff to establish that subject matter jurisdiction exists. *See* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1350 (3d ed.2004) (collecting cases). Quite simply, Plaintiff has not met this burden and it does not appear he could. Rather, in light of the fact that one (or possibly more) of the partners at Hagens Berman LLP is a citizen of Massachusetts, the Court finds that Hagens Berman LLP can and should be considered a citizen of Massachusetts for purposes of determining diversity jurisdiction. In light of the fact that Mr. Schlichtmann is also a citizen of Massachusetts, complete diversity is lacking and this case does not fall within 28 U.S.C. § 1332. *See* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Civil § 3605 (2d ed.1984). On this basis, the Court must grant Defendants' Motion to Dismiss.

In light of this decision, the Court cannot grant Plaintiff's request to consolidate this case with *Glenwood Farms, Inc. et al. v. Ivey et al.* (03–cv–217–P–S). Although it might have been efficient to consolidate these cases for pretrial matters due to the fact that the claims rest on the same factual narrative, this efficiency and Plaintiff's willingness to proceed before this Court simply cannot combine to provide the Court with a basis for jurisdiction over this matter.

## III. CONCLUSION

For the reasons just explained, the Court GRANTS Defendants' Motion to Dismiss (Docket # 4) and declares Plaintiff's Motion to Consolidate (Docket # 2) MOOT.

SO ORDERED.